# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOYCE KNOX, | : | CIVIL NO. 1:CV-12-1514 |
|     Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| SUPERINTENDENT, SCI-CAMBRIDGE | : | |
| SPRINGS, et al., | : | |
|     Respondents | | |

## MEMORANDUM

Petitioner Joyce Knox ("Knox"), a state inmate incarcerated at the State Correctional Institution at Cambridge Springs, Pennsylvania, initiated this habeas corpus action pursuant to 28 U.S.C. § 2254. In the petition, Knox challenges her Court of Common Pleas of Adams County, Pennsylvania, conviction on drug-related charges. Upon preliminary review of the petition pursuant to 28 U.S.C. § 2254, see R. Governing § 2254 Cases R. 4, it appeared that the petition may be barred by the statute of limitations, see United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005)(en banc)(holding that district courts may sua sponte raise AEDPA's one-year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond) set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). On October 23, 2012, the parties were notified that the petition appeared to be untimely, and Respondents were directed to file a response concerning the timeliness of the petition and any applicable statutory and/or equitable tolling of the AEDPA statute of limitations. Petitioner was afforded the opportunity to file a reply. (Doc. No. 4). On November 5, 2012, Respondents filed an answer to the petition addressing only the timeliness of the petition and the application of any tolling provisions. (Doc. No. 6.) The relevant time period has expired and Knox has not filed any reply to Respondents' filing. For the reasons set forth below, the habeas petition will be

dismissed as untimely.

I.   **Background**

Knox pled guilty on December 30, 2008, in the Court of Common Pleas of Adams County, Pennsylvania in criminal case No. CP-01-CR-0001318-2007, to two counts of possession with intent to deliver a controlled substance (Schedule II Narcotic), 35 P.S. §780-113(a)(30); two counts of possession with intent to deliver marijuana, 35 P.S. § 780-113(a)(30); and criminal conspiracy, 18 Pa.C.S. § 903.  Knox was sentenced on March 11, 2009, to an aggregate term of 12½-36 years in a state correctional facility.  Thereafter, a motion to modify sentence was filed wherein Knox requested that she be made eligible for the Recidivism Risk Reduction Incentive ("RRRI") program.  The court granted the motion to modify sentence to make her eligible for RRRI by order dated April 9, 2009.  No direct appeal was filed.  A motion to modify sentence nunc pro tunc was filed on September 8, 2009.  The Adams County Court of Common Pleas denied the motion on September 18, 2009, for lack of jurisdiction.

A timely petition for post-conviction relief was filed by Knox on March 8, 2010. Following a hearing, the petition was denied on July 28, 2010.  An appeal from the denial of PCRA relief was filed raising the sole issue of whether the court erred in failing to find counsel ineffective for failing to interview material witnesses.  The Pennsylvania Superior Court affirmed the denial of post-conviction relief and granted the petition of post-conviction relief counsel for leave to withdraw.  See Commonweal v. Knox, 1379 MDA 2010 (May 24, 2011).

On July 28, 2011, Knox filed a pro se "Petition for Relief from Judgment, Petition for Habeas Corpus, Motion for Nunc Pro Tunc Status."  The Adams County Court of Common Pleas construed the filing to be a second petition for post-conviction relief.  On August 5, 2011, the

court filed a notice of intent to dismiss the filing without a hearing in that the issues raised by Knox had been waived and also the filing was beyond the jurisdictional time period set forth by 42 Pa.C.S. §9545. The court afforded Knox until August 31, 2011 to show cause why her petition should not be dismissed. In response thereto, Knox filed a rambling and incoherent 10-page document. On September 13, 2011, the second petition for post-conviction relief was ultimately dismissed. On July 9, 2012, the Pennsylvania Superior Court affirmed the denial of PCRA relief. See Commonwealth v. Knox, No. 1828 MDA 2011 (July 9, 2012). The instant federal habeas petition dated July 28, 2012 by Knox was docketed by the Clerk of Court on August 6, 2012.

## II. Discussion

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pub.L. No. 104-132, 110 Stat. 12214 (Ar. 24, 1996). See 28 U.S.C. § 2244(d)(1). A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .

3

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Knox was sentenced on March 11, 2009. She timely filed a motion to modify her sentence. The motion was granted, and the sentence modified by order entered April 9, 2009. For purposes of calculating the federal limitations period, the sentence became final "at the expiration of the time for seeking" direct appeal. See 28 U.S.C. § 2244(d)(1)(A). Pursuant to the Pennsylvania Rules of Court, a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a)(West 2012). Because Knox did not pursue a direct appeal, the judgment of sentence became final 30 days after the modification of her sentence on April 9, 2009, or May 11, 2009.[1] The one-year federal limitations deadline commenced May 12, 2009, when the judgment of sentence became final, and expired one year later, on May 12, 2010. Hence, the instant federal petition, which was dated July 28, 2012 and docketed August 6, 2012, appears to be untimely. However, the Court's analysis does not end here. Consideration of both statutory and equitable tolling must be undertaken.

### A. Statutory Tolling

---

[1] Because the thirtieth day fell on a Saturday, the deadline is extended to the next weekday under Pennsylvania law. See 1 Pa.C.S. § 1908.

4

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). On March 8, 2010, Knox filed a petition for post conviction collateral relief pursuant to the Post Conviction Relief Act. While it is true that a properly filed PCRA petition tolls the running of AEDPA's statute of limitations, the PCRA petition must be filed before the limitations period runs out, otherwise there is nothing left to be tolled. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001)("'properly filed' state-court [post-conviction] petitions must be 'pending' in order to toll the limitations period. Thus, a state court petition like Tinker's that is filed following the expiration of the federal [AEDPA] limitations period cannot toll that period because there is no period remaining to be tolled.")(some internal quotations omitted), reh'g denied, 273 F.3d 1123 (11th Cir. 2001). A petition that is timely under state law is "properly filed." Pace v. DiGuglielmo, 544 U.S. 408 (2005). Pursuant to Pennsylvania law, a petition for post-conviction relief is timely if "filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1).

The federal limitations period in the instant case expired on May 12, 2010. However, approximately two (2) months shy of this date, on March 8, 2010, Knox filed a timely PCRA petition with the Court of Common Pleas of Adams County. As such, the statute of limitations became tolled at this point. Prior to this time, the statute was running as of May 11, 2009, the date the conviction became final. It was not tolled until March 8, 2010, when Knox filed her timely PCRA petition. The Superior Court affirmed the denial of post-conviction relief on May 24, 2011. Knox could have petitioned the Pennsylvania Supreme Court for allowance of appeal

5

during the 30-day period following entry of the Superior Court opinion. See Pa.R.A.P. 1113 (West 2012). This period expired June 24, 2011, without Knox filing a petition for allowance of appeal.

The timely filing of the PCRA petition tolled the federal limitations period as of March 8, 2010. As of said date, approximately 299 days of the one-year federal limitations period had run. With the affirmance of the denial of post-conviction relief and the expiration of the period to petition the Pennsylvania Supreme Court for allowance of appeal, the federal limitations period recommenced on June 25, 2011. Sixty-six (66) days of the one-year federal limitations period remained. The period expired on August 29, 2011. The instant federal habeas petition dated July 28, 2012, and docketed August 6, 2012, clearly is untimely.

### B. Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, Knox must demonstrate that she exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at

276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (3d Cir. 2000)(quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

Knox does not establish, or even assert, that she has been pursuing her rights to federal habeas relief diligently, or that some extraordinary circumstance stood in her way of doing so. While in her petition she states that she was deprived of her right to counsel in state court by counsel's failure to file a direct appeal, nothing in the record even suggests that she ever requested counsel to do so. Prior to the expiration of the appeal period, she sought and obtained modification of her sentence. Further, in her timely PCRA, she failed to seek to have her right to direct appeal restored nunc pro tunc. The only issue raised in the PCRA was whether the court erred in failing to find counsel ineffective for failing to interview material witnesses. There was no ineffective assistance ground raised with respect to any failure by counsel to comply with a request to take a direct appeal. Furthermore, once her post-conviction proceedings were complete, Knox still had 66 days remaining in the federal limitations period during which she could have filed a federal habeas petition. She did not do so, and fails to point to any "extraordinary circumstance" which prevented her from doing so. For these reasons, the Court finds no basis for equitable tolling, and the instant petition will be dismissed as untimely.

**III.    Certificate of appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by

7

demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was right in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOYCE KNOX, | : | CIVIL NO. 1:CV-12-1514 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| SUPERINTENDENT, SCI-CAMBRIDGE: | | |
| SPRINGS, et al., | : | |
| Respondents | | |

## ORDER

**NOW, THIS 29th DAY OF NOVEMBER, 2012,** upon consideration of the above-captioned petition for writ of habeas corpus and in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The petition for writ of habeas corpus (Doc. No. 1) is **dismissed as time-barred** by the statute of limitations. See 28 U.S.C. § 2244(d).

2. There is no basis for the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c).

3. The Clerk of Court is directed to **close this case**.

                                                 S/ Yvette Kane
                                                 YVETTE KANE, Chief Judge
                                                 Middle District of Pennsylvania